UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

DANNY BALTIERRA
Individually and on behalf of others similarly situated

    Plaintiff

-vs-                                    Case No.
                                         Hon.
                                         CLASS ACTION COMPLAINT

ORLANS ASSOCIATES, P.C.

    Defendant

## COMPLAINT & JURY DEMAND

*Danny Baltierra states the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the FDCPA, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This Court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

### Parties

3. The Plaintiff to this lawsuit is Danny Baltierra who resides in New Haven, MI 48048.

4. The Defendant to this lawsuit is Orlans Associates, PC ("Orlans Associates") which is a professional corporation doing business in Michigan at PO Box 5041, Troy, MI 48007.

### Venue

5. The transactions and occurrences which give rise to this action occurred in Oakland County.

1

6. Venue is proper in the Eastern District of Michigan.

## General Allegations

7. Some time prior to July 16, 2014, Caliber Home Loans, Inc. engaged Orlans Associates to initiate foreclosure proceedings against Mr. Baltierra.

8. On or about July 16, 2014, Orlans Associates communicated with Mr. Baltierra for the first time and sent Mr. Baltierra a letter ("the initial notice"), purportedly setting forth Mr. Baltierra's rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

9. That initial notice bore all the hallmarks of a form letter, which was delivered *en masse*, to a number of individuals whose homes Orlans intended to foreclose upon, specifically,

    a. The initial notice contained language which was clearly intended to cover several alternative circumstances which were inapplicable to Mr. Baltierra.

    b. The initial notice contained preformatted notices, containing standardized language.

    c. The initial notice carried a coded number at the bottom left hand side tending to indicate a form or common file number.

10. Orlans is engaged in the business of foreclosing on homes, and a large portion of its business derives from its foreclosure practice.

11. The enforcement of a mortgage through foreclosures constitutes "debt collection" activity for purposes of the FDCPA.

12. At all relevant times Orlans – in the ordinary course of its business – regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

13. Orlans is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §1692a(6).

14. The FDCPA requires that within 5 days of the first communication with a debtor, that Orlans provide the debtor a notice of his or her rights to dispute the debt, along with a statement of the amount owed and the identity of the creditor, 15 U.S.C. § 1692g.

15. The FDCPA also requires that in the initial written communication with the debtor, that Orlans advise the debtor that the letter is an attempt to collect a debt and that any information obtained will be used for that purpose.

16. Finally, the FDCPA prohibits debt collectors from misstating its own rights or those of the consumer.

17. Mr. Baltierra brings this action based upon the failure of Orlans to properly provide these notices, and based upon Orlans' outright misstatement of these rights as set forth below.

### The Orlans Notice

18. The initial notice provided by Orlans to Mr. Baltierra and the proposed class members contains a number of self contradictions which directly undercut the notices provided, and which effectively render those notices meaningless to the least sophisticated consumer.

19. The initial notice provides a preformatted space providing information as to the non-applicability of the notice to individuals who had filed for bankruptcy, and advising others that the notice constituted an attempt to collect a debt.

20. Mr. Baltierra's notice reads

> **IF YOU ARE CURRENTLY IN BANKRUPTCY OR HAVE RECEIVED A DISCHARGE IN BANKRUPTCY AS TO THIS OBLIGATION, THIS COMMUNICATION IS INTENDED FOR INFORMATIONAL PURPOSES ONLY AND IS NOT AN ATTEMPT TO COLLECT A DEBT IN VIOLATION OF THE AUTOMATIC STAY OR IN THE DISCHARGE INJUNCTION. IN SUCH CASE,**

> **PLEASE DISREGARD ANY PARTY OF THIS COMMUNICATION WHICH IS INCONSISTENT WITH THE FOREGOING.**
>
> **OTHERWISE, THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

21. The initial notice then provides a preformatted space informing the recipient of the amount necessary to payoff the mortgage. In specific, the initial notice to Mr. Baltierra reads:

    ```
    As of August 9, 2014, the TOTAL PAYOFF is
    $351,532.45
    ```

22. Immediately following that statement, the initial notice then provides a statement that directly contradicts the notices provided, informing the recipient that the notice is not, in fact a payoff quote or an attempt to collect a debt.

    ```
    Be Advised [sic] this is NOT a Payoff quote or an
    attempt to collect a debt.
    ```

23. The form of the initial notice then includes a statement which expressly fails to identify the whether Orlans' client was the actual "creditor" or simply the "servicing agent" for the creditor.

24. Mr. Baltierra's letter includes the following statement that Caliber Home Loans, Inc., may be either a creditor or a servicer.

    ```
    "This office represents Caliber Home Loans, Inc.,
    which is the creditor to whom your mortgage debt is
    owed or the servicing agent for the creditor to
    whom the debt is owed.  The Creditor has referred
    this matter to this office with instructions to
    start proceedings to foreclose the mortgage located
    at 57461 River Oaks Drive, New Have, MI 48048."
    ```

25. The form initial notice goes on to provide notice of the rights described in 15 U.S.C. § 1692g, but fails to advise the recipient of his or her right to know the identity of the actual

4

creditor – the information that is affirmatively withheld from the recipient at the outset of the letter.

26. Mr. Baltierra's form letter provides the following language which fails to identify his right to the identity of the actual creditor:

```
The debt described above will be assumed to be
valid by this office, the creditor's law firm,
unless you the debtor/consumer, within (30) days
after the receipt of this notice, dispute the
validity of the debt or some portion therefor.  If
you notify this office in writing, within thirty
(30) days of the receipt of this notice that the
debt, or any portion therefor, is disputed, we will
obtain a verification of the debt and a copy of the
verification will be mailed to you.  If the debt is
based on a judgment, a copy of the judgment will be
provided to you, upon request.
```

27. Based upon these defects in the initial notice, Mr. Baltierra bring this matter as a class action against Orlans.

## CLASS DEFINITION AND CLASS ISSUES

28. Mr. Baltierra brings this action on behalf of himself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23.

29. Mr. Baltierra seeks to certify the following two classes,

   a. *Class 1 FDCPA* – All residents of Michigan excluding the Court or its staff, to whom Orlans provided a notice substantially in the form of the attached Exhibit A within the year preceding the filing of this complaint.

   b. *Class 2 MCPA* – All residents of Michigan excluding the Court or its staff, to whom Orlans provided a notice substantially in the form of the attached Exhibit A within the six years preceding the filing of this complaint.

30. There are questions of law and fact which are common to all members of the class, which questions predominate over any question affecting only individual class members.

31. The principal common issues are:

    a. Whether Orlans is a "debt collector" for purposes of the FDCPA

    b. Whether Orlans is a "regulated party" for purposes of the MCPA.

    c. Whether Orlans properly stated the rights of the class members under 15 U.S.C. § 1692g.

    d. Whether Orlans properly stated the rights of the class members under 15 U.S.C. § 1692e(11).

32. Mr. Baltierra's claims are typical of the claims of the class members. All are based on the same legal and remedial theories.

33. Mr. Baltierra will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. He is similarly situated with, and has suffered similar injuries as, the members of the class he seeks to represent.

34. Mr. Baltierra has retained counsel experienced in handling class action suits involving unfair business practices and consumer law. Neither the named plaintiff nor his counsel have any interest which might cause them not to vigorously pursue this action.

35. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

36. The class is so numerous as to make it impracticable to join all members of the class as plaintiffs. Based upon the investigation of counsel, the number of class members is

estimated to be in excess of 100 persons.

### COUNT I – Fair Debt Collection Practices Act (Orlans Associates)

37. Mr. Baltierra incorporates the preceding allegations by reference.

38. At all times relevant to this complaint, Orlans Associates sought to collect a "consumer" debt from Mr. Baltierra .

39. Orlans Associates actions to collect this alleged debt from Mr. Baltierra violated the provisions of the FDCPA including, but not limited to 15 U.S.C. § 1692e and 1692g.

40. Mr. Baltierra suffered statutory damages as a result of these violations of the FDCPA.

### COUNT II – Michigan Collection Practices Act (Orlans Associates)

41. Mr. Baltierra incorporates the preceding allegations by reference.

42. Orlans Associates is a "regulated person" under the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251(g)(xi).

43. Orlans Associates 's actions to collect from Mr. Baltierra violated the MCPA including but not limited to the following M.C.L. § 445.252.

44. Mr. Baltierra suffered statutory damages as a result of these violations of the MCPA.

45. These violations of the MCPA were willful.

### Demand for Jury Trial

46. Plaintiff demands trial by jury in this action.

### Demand For Judgment for Relief

47. *Accordingly, Mr. Baltierra requests that the Court grant:*

   *a.     Statutory damages.*

   *b.     Treble damages.*

 *c.* *Statutory costs and attorney fees.*

 *d.* *An injunction against further violations of the MCPA.*

       Respectfully Submitted,


       By:  s/ Ian B. Lyngklip
       Ian B. Lyngklip (P47173)
       LYNGKLIP & ASSOCIATES
       CONSUMER LAW CENTER, PLC
       Attorney For Danny Baltierra
       24500 Northwestern Highway, Ste. 206
       Southfield, MI 48075
       (248) 208-8864
       Ian@MichiganConsumerLaw.Com

Dated: January 5, 2015