UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY BALTIERRA

    Plaintiff,

v.

ORLANS ASSOCIATES PC,

    Defendant.
_____/

Case No. 15-10008

Honorable Denise Page Hood

ORDER DENYING MOTION TO DISMISS
OR MOTION TO DECLINE SUPPLEMENTAL JURISDICTION
and
SETTING SCHEDULING CONFERENCE DATE

**I.**    **BACKGROUND**

This matter is before the Court on Defendant Orlans Associates PC's Motion to Dismiss Plaintiff Danny Baltierra's State Law Claim with Prejudice pursuant to Fed. R. Civ. P. Rule 12(b)(1) or, in the alternative, for the Court to Decline Supplemental Jurisdiction Over Plaintiff's State Law Claim and Dismiss it Without Prejudice pursuant to 28 U.S.C. § 1367(c) **[Docket No. 7, filed February 20, 2015]**. Plaintiff filed a Response **[Docket No. 11, filed March 9, 2015]**, and Defendant filed a Reply to the Response **[Docket No. 12, filed March 23, 2015]**.  A hearing was held

on the matter. For the reasons discussed below, Defendant's Motion to Dismiss is **DENIED**.

Caliber Home Loans, Inc. retained Defendant to initiate foreclosure proceedings against Plaintiff. On or about July 16, 2014, Defendant communicated with Plaintiff for the first time by letter ("the initial notice"), which included information about his rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Plaintiff alleges that the initial notice was defective for failure to identify several of his rights as required under the FDCPA. Plaintiff brings this action on behalf of himself and a class of all other persons similarly situated, pursuant to Fed. R. Civ. P. 23. Plaintiff filed a Class Action Complaint against Defendant on January 5, 2015, alleging Defendant violated the FDCPA (Count I) and violated the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251, *et seq*. (Count II) **[Docket No. 1]**.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged pursuant to 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Michigan S. RR Co. v. Branch & St. Joseph Counties Rail Users Ass'n Inc.*, 287 F.3d 568, 573 (6th Cir. 2002).

## II. ANALYSIS

### A. Motion to Dismiss MCPA Claim in Count II

Defendant moves this Court to dismiss Plaintiff's state law claim pursuant to Rule 12(b)(1). Defendant argues Plaintiff's state law claim under the MCPA must be dismissed because Plaintiff has alleged no "actual damages," which Defendant claims is a prerequisite for standing to sue under the MCPA.

In his response, Plaintiff first argues that actual damages are not required to have standing to bring a claim under the MCPA. Plaintiff further argues that several cases dismiss claims under the MCPA for failure to sufficiently plead the claim, but none of the cases support the argument that plaintiff does not have standing to bring the claim. Plaintiff then argues that Michigan law provides an express cause of action for violation of a state statute, the MCPA, thereby providing Plaintiff with standing. Plaintiff claims that under the rule in *Beaudry v. TeleCheck Servs., Inc.*, 579 F.3d 702, 707 (6th Cir. 2009), the fact that a plaintiff suffers a violation is sufficient to permit suit even when Plaintiff suffers no actual damages.

In its Reply, Defendant argues that Plaintiff mischaracterized the cases in arguing that actual damages are not required. Defendant contends that there is a distinction between statutory standing and constitutional standing in that "statutory standing" requires actual damages, but constitutional standing does not. Here, the

claim requires "statutory standing" since it only entails statutory interpretation, and therefore, Plaintiff must allege actual damages. *See Garden City Educ. Ass'n v. Sch. Dist. of Garden City*, 975 F. Supp. 2d 780 (E.D. Mich. Sep. 30, 2013) (Rosen, J.) ("Under Michigan jurisprudence, a party asserting the violation of a statute may have constitutional standing to assert a claim yet lack statutory standing to do so.").

In the context of the FDCPA, a plaintiff seeking statutory damages for alleged violations under the FDCPA, 15 U.S.C. § 1692k(a)(2)(A), is sufficient to satisfy constitutional standing requirements. *See Beaudry,* 579 F.3d at 707 ("No Article III (or prudential) standing problem arises" when Congress authorizes damages for violation of a statutory right."); *Fed. Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 513 (6th Cir. 2007)("[A] consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages."). The MCPA provides that if a person suffers "injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring action for damages or other equitable relief." M.C.L. § 445.257(1). If the court finds for the plaintiff, "recovery shall be in the amount of actual damages *or* $50.00, whichever is greater" or for wilful violation, "3 times the actual damages, *or* $150.00, whichever is greater ..." M.C.L. § 445.257(2) (italics added).

In this case, Plaintiff is alleging a violation of both the FDCPA and the MCPA.

Both allow for either "actual damages" or "statutory damages," which under the MCPA is $50.00 or $150.00 for a willful violation. This is sufficient to satisfy constitutional standing requirements as ruled on by the Sixth Circuit in analyzing the FDCPA. *See, Beaudry* and *Lamar, supra*.

As to Defendant's argument of "statutory standing," it argues that Plaintiff incorrectly contends that he "is not required to have sustained an injury, loss, or actual damages to have standing to bring a claim under the MCPA." (Reply, Doc. No. 12, Pg ID 132) Defendant argues that it is moving to dismiss based on "statutory standing," as opposed to "constitutional standing" and that the Court need only interpret the statute to determine whether Plaintiff has "statutory standing."

The Court's interpretation of the statute finds that the MCPA is clear, as noted above, that if a person suffers "injury, loss, or damage, *or from whom money was collected by the use of a method, act, or practice in violation of this act may bring action for damages or other equitable relief*." M.C.L. § 445.257(1) (italics added). A plaintiff under the MCPA is not required to allege "injury, loss, or damage," but in light of the statutory term "or," may also allege that "money was collected by the use of a method, act, or practice in violation of this act may bring action for damages or other equitable relief." M.C.L. § 445.257(1). The prohibited acts are listed in M.C.L. § 445.252. The Complaint alleges that Defendant "violated the MCPA

5

including but not limited to the following M.C.L. § 445.252." The general factual allegations are set forth in ¶¶ 7-27 of the Complaint. Defendant does not challenge the facts alleged in Plaintiff's Complaint. Defendant only argues that Plaintiff must allege "injury, loss or damage," which this Court's interpretation of the statute noted above does not so require, in light of the statutory term "or" in the statute. As to the remedy sought by Plaintiff, it is clear that he is seeking "statutory damages" for wilful violations by Defendant, which is $150.00 under the MCPA. (Complaint, ¶¶ 44-45)

Based on the above, the Court finds that Plaintiff has shown both constitutional and statutory standing under the MCPA and is seeking statutory damages, not actual damages. Defendant's Motion to Dismiss the MCPA claim alleged in Count II of the Complaint is denied.

### B. Supplemental Jurisdiction as to the MCPA Claim

Alternatively, Defendant asks the Court to decline to exercise supplemental jurisdiction over Plaintiff's MCPA claim in Count II. Plaintiff responds that because the factual basis of the MCPA claim is the same as the factual basis of the FDCPA claim, the Court should exercise supplemental jurisdiction over the MCPA claim.

The district court has "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

Constitution." 28 U.S.C. § 1367(a). The district court "may decline to exercise supplemental jurisdiction" if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

As to the factual allegations by Plaintiff as to his own specific claim, the Court finds that the factual basis for both the FDCPA and the MCPA are the same. Regarding the class action claim and the specific factual basis for class members, because no discovery has been held on class issues, the Court will not decline supplemental jurisdiction over the class action claims under the MCPA. The Court has no factual basis at this time to decline supplemental jurisdiction over the class action claims.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss Plaintiff's State Law Claim With Prejudice Pursuant to Rule 12(b)(1) or in the alternative for the Court to Decline Supplemental Jurisdiction Over Plaintiff's State Law Claim and Dismiss it Without Prejudice Pursuant to 28 U.S.C. § 1367(c) **[Doc. No. 7]** is DENIED.

IT IS FURTHER ORDERED that a Scheduling Conference is set for **Monday, November 9, 2015, 2:00 p.m.** A joint Rule 26(f) report must be filed by November 5, 2015.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: October 7, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 7, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager